**NORTH TEXAS FINANCIAL GROUP, Appellant,**

v.

**CARL G. MILLER CORPORATION, Appellee.**

No. 05–82–01094–CV.

Court of Appeals of Texas, Dallas.

Oct. 18, 1983.

Michael E. Robinson, Dallas, for appellant.

David R. Clark, Dallas, Charles R. McBeth, Richardson, for appellee.

Before AKIN, ALLEN and STEWART, JJ.

ALLEN, Justice.

This is an appeal from a judgment on a sworn account and for attorney's fees in favor of appellee, Carl G. Miller Corporation, against North Texas Financial Group, resulting from an agreement whereby Miller obtained secretarial employees for North

Texas. Appellant, North Texas, urges three points of error. In point one, North Texas complains of the trial court's dismissal of its counterclaim for usury, while in point two, North Texas complains of the trial court's conclusion that Miller charged North Texas no interest whatsoever. North Texas' third point claims the trial court abused its discretion in awarding attorney's fees. Because we cannot agree with North Texas' contentions, we affirm.

In December of 1980, North Texas and Miller agreed that Miller was to locate and to provide qualified secretaries for positions with North Texas. Miller's compensation was based on a fee schedule which it provided to North Texas. Under the agreement Miller guaranteed that the employee would remain with North Texas for 90 days. However, the guarantee was conditioned upon North Texas paying the required fee in three equal monthly installments, with the first payment being due within ten days from the date the employee began work.

This suit arose over Miller locating and placing Stella Naifeh with North Texas. North Texas failed to make the required payment within ten days of Naifeh's starting date and did not, therefore, avail itself of the 90-day guarantee. When Naifeh left the employ of North Texas within the 90-day period, North Texas refused to pay Miller, claiming the 90-day guarantee relieved them of their obligation to pay. Miller sued on a sworn account for fees due for placing Naifeh and for reasonable attorney's fees. Miller prayed for "interest at the legal rate from due date as alleged, until judgment." In its counterclaim, North Texas contended that Miller's prayer for interest amounted to an usurious charge of interest in violation of TEX.REV.CIV. STAT.ANN. art. 5069–1.03 (Vernon Supp 1982–1983). The trial court dismissed the counterclaim.

■ We must consider together the first two points of error urged by North Texas because the contention in the first point depends upon sustaining its second point of error. Point two contends that Miller made a usurious charge of interest in violation of

TEX.REV.CIV.STAT.ANN. art. 5069–1.03 (Vernon Supp.1982–1983) in its first amended original petition when it prayed for interest "at the legal rate from due date as alleged, until judgment." Article 5069–1.-03, provides:

> When no specific rate of interest is agreed upon by the parties, interest at the rate of six percent per annum shall be allowed on all accounts and contracts ascertaining the sum payable, *commencing on the thirtieth day from and after the time when the sum is due and payable.* [emphasis added].

We reject North Texas' contention. Miller's pleadings do not allege any specific due date. The evidence shows no agreement between the parties as to a specific rate of interest to be charged when an account becomes past due. The prayer in Miller's pleadings requests legal interest, thus making TEX.REV.CIV.STAT.ANN. art. 5069–1.03 (Vernon Supp 1982–1983) applicable. We read the prayer seeking "interest at the legal rate from due date as alleged, until judgment," as requesting 6% interest per annum to commence on the 30th day from and after the time that the court determined the sum to be due and payable, this being the legal rate. A usurious rate of interest would be a charge of interest in an amount prohibited by law. TEX.REV.CIV.STAT.ANN. art. 5069–1.-01(d) (Vernon 1971).

The cases relied upon by North Texas are inapplicable in the instant case because Miller's prayer for relief was merely a demand for legal interest as provided by law. It does not constitute a charging of usurious interest. The trial court was correct in denying recovery on North Texas' counterclaim.

■ In its last point of error, North Texas claims that the trial court abused its discretion by awarding attorney's fees in the sum of $960.00 to Miller, because no evidence existed to support the award. We do not agree. We have examined the record and we find there was ample evidence presented by the attorneys for both Miller and North Texas to support the award and

that no abuse of discretion has been shown. The award of attorney's fees was within the trial court's discretion. *Bethel v. Butler Drilling Co.,* 635 S.W.2d 834, 841 (Tex.App. —Houston [14th Dist.] 1982, writ ref'd. n.r. e.); TEX.REV.CIV.STAT.ANN. art. 2226 (Vernon Supp.1982–1983). We hold that the trial court did not abuse its discretion.

We affirm.